IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| REPRODUCTIVE HEALTH SERVICES OF PLANNED PARENTHOOD OF THE ST. LOUIS REGION, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 03-4210-CV-C-SOW |
| JEREMIAH W. NIXON, Attorney General of Missouri in his official capacity, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

Before the Court are plaintiffs' Motion for Attorneys' Fees and Costs (Doc. #86), plaintiffs' Memorandum of Law in Support, defendant Nixon's Response, defendant Crane's Suggestions in Opposition, and plaintiffs' Reply. For the reasons stated below, plaintiffs' motion is denied.

I. Background

Plaintiffs filed the above-captioned matter on October 3, 2003, challenging the informed consent provisions of Missouri Revised Statutes Section 188.039. Plaintiffs alleged that the Act (1) was unconstitutionally vague and, as a result of this vagueness, (2) imposed a chilling effect on the willingness of physicians to provide abortions which, in turn, imposed an undue burden on a woman's right to choose an abortion in violation of the Fourteenth Amendment. Defendants argued that the Act was not unconstitutionally vague and that the scienter requirements in Sections 188.075 and 188.065 cured any perceived vagueness.

This Court recognized that the application of the scienter requirements to Section 188.039

was a question of Missouri law and that the determination of that issue by the Missouri state courts could eliminate the federal constitutional issues, this Court abstained and stayed federal proceedings pending a determination by the Missouri state courts of how the scienter requirements applied to Section 188.039.

Plaintiffs filed an action in Missouri state court challenging the informed consent provisions as being unconstitutionally vague under the Missouri Constitution. Plaintiffs also challenged the Act's 24-hour waiting period. The state trial court found that Section 188.039 is constitutional. The state trial court granted defendants' motions for summary judgment and denied plaintiffs' motion for summary judgment. The Missouri Supreme Court affirmed the trial court's decision.

Following the ruling by the Missouri Supreme Court, plaintiffs moved to voluntarily dismiss this case. Plaintiffs now seek attorneys' fees as a prevailing party.

## II. Discussion

Plaintiffs argue that they are the prevailing party in this case because the "Supreme Court of Missouri's February 2006 decision materially altered the legal relationship between the parties in Plaintiffs' favor."

Prevailing parties on claims brought under 42 U.S.C. §1983 may apply for an award of attorneys' fees. See 42 U.S.C. §1988. A plaintiff will usually be considered a "prevailing party" if he or she succeeds "on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983).

In this case, the state trial court found that Section 188.039 is constitutional and granted summary judgment in favor of defendants. Reproductive Health Servs. v. Nixon, 185 S.W.3d

2

685, 687 (Mo. banc 2006). The Missouri Supreme Court affirmed. Id. at 690-92. The Missouri Supreme Court upheld the constitutionality of the challenged statute. Id.

Plaintiffs did not succeed in having the statute declared impermissibly vague and unconstitutional. Plaintiffs did not obtain the result they sought when they initiated this litigation. Nevertheless, as defendants point out, plaintiffs are attempting to "creatively interpret" the Missouri Supreme Court's ruling in order to justify an award of attorneys' fees. Plaintiffs suggest that the Missouri Supreme Court's holding that the statute did not impose any duties on physicians beyond those that exist under the common law was a victory for the plaintiffs and makes plaintiffs the prevailing party.

While the Missouri Supreme Court may not have interpreted the statute as broadly as defendants claimed it could be interpreted, the fact remains that the state trial court and the Missouri Supreme Court found in favor of defendants and against plaintiffs. Section 188.039 was found to be valid and constitutional and remains in effect as enacted. No judicial relief of any kind was given to plaintiffs in state court and plaintiffs have voluntarily dismissed the case before this Court.

### III. Conclusion

Accordingly, it is hereby

ORDERED that plaintiffs' Motion for Attorneys' Fees and Costs (Doc. #86) is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: September 15, 2006